Filed 8/29/22  P. v. Sosa CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS GABRIEL RIO SOSA,<br><br>    Defendant and Appellant. | 2d Crim. No. B319942<br>(Super. Ct. No. 1214502)<br>(Santa Barbara County) |

Luis Gabriel Rio Sosa appeals from an order denying his petition for resentencing pursuant to Penal Code section 1172.6. (former § 1170.95.)[1]  We dismiss the appeal.

In 2009, a jury convicted appellant of premeditated first degree murder (§§ 187, subd. (a), 189), with special findings that he personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)).  He was sentenced to 50 years to life in state prison.  We affirmed appellant's conviction. (*People v.*

---

1 All further statutory references are to the Penal Code.

*Luis Gabriel Rio Sosa* (Jan. 24, 2011, B219803) [nonpub. opn.] (*Sosa*).)

In November 2021, appellant, acting in propria persona, filed a petition for resentencing pursuant to section 1172.6. In his petition, he claimed he was convicted of first degree murder "pursuant to the felony murder rule or the natural and probable consequences doctrine," and could not now be convicted of murder in light of the changes made to sections 188 and 189 as part of Senate Bill No. 1437.

The People opposed the motion because appellant was not convicted under a theory of felony murder or natural and probable consequences. Instead, he was the actual killer, who acted with malice, and could still be convicted of murder under the law as amended.

Following a hearing, the trial court summarily denied appellant's petition for resentencing finding that he was the "shooter" in a "deliberate" and "premeditated murder."

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues. We advised appellant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. He subsequently filed a five-page handwritten supplemental brief.

Because this is an appeal from an order denying postconviction relief, appellant is not entitled to our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501 (*Serrano*); *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.) We do, however, consider the issues raised in his supplemental brief. (*Cole*, at p. 1040.)

2

Appellant makes a number of arguments attacking the trial court's denial of his petition for resentencing at the prima facie stage without issuing an order to show cause and holding an evidentiary hearing. However, a trial court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 972, fn. 6 (*Lewis*).)

As *Lewis* explained, "'[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis, supra*, 11 Cal.5th at p. 971.)

The record of conviction in this case conclusively establishes that appellant is ineligible for relief as a matter of law because the jury found him guilty of premeditated first degree murder with the special finding that he personally used a firearm to commit the murder offense. (See *Sosa, supra*, B219803.) There was no error.

Since nothing in appellant's supplemental brief raises an arguable issue on appeal from the order denying his petition for resentencing, we dismiss the appeal. (*Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:



GILBERT, P. J.



PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.